UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUCIO CANALES FLORES,

Petitioner,

v. Case No. 2:26-cv-1147-JES-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH, *et al.*,

Respondents,
___________________________________/

**OPINION AND ORDER**

Petitioner Lucio Canales Flores, an immigration detainee, initiated this action by filing a *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1). Respondents filed a response to the petition. (Doc. 8). Petitioner filed a reply (Doc. 11 (titled "Memorandum of Law in Support of Petition")) to which the government filed a sur reply (Doc. 12). Upon review of the parties' filings, the petition remains under advisement pending a custody review to determine whether Canales Flores poses a danger to the community sufficient to justify continued detention.

**Background**

Canales Flores is a national and citizen of Honduras who entered the United States on September 10, 2002. (Doc. 8 at 1–2). After convictions for burglary and resisting arrest without violence in 2011, an immigration judge ordered Canales Flores's removal but granted withholding or removal to

Honduras. (*Id.*) The order of removal became final on February 12, 2013. (*Id.* at 2). Thereafter, Canales Flores was released under an order of supervision. (*Id.*) Canales Flores has a fairly extensive criminal history that occurred while under the order of supervision.

On Mach 4, 2026, Canales Flores encountered Immigration and Customs Enforcement ("ICE") officers while he was still in custody of the Florida Department of Corrections. (Doc. 8-1 at 24). He was placed in immigration custody on March 10, 2026. (*Id.*) Canales Flores was detained at the Florida Soft Side South Detention Center when he filed this petition, but he is now detained eldsewhere. Canales Flores argues that his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future. (Doc. 1; Doc. 11).

**Discussion**

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention

unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Canales Flores carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2013 or in the intervening thirteen years. The burden shifts to the government, but it makes no attempt at rebuttal other than noting that Canales Flores had not "establish[ed] that it is more likely than not that [he] will be persecuted or tortured in Mexico." (Doc.

12-1 at 1). Respondents do not allege that Mexico has actually agreed to accept Canales Flores or that ICE has communicated with Mexico specifically regarding Canales Flores. Nor do Respondents claim that necessary travel documents have been sought—let alone obtained—for any country. The Court finds no significant likelihood Canales Flores will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Canales Flores's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Lucio Canales Flores's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Canales Flores poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Canales Flores may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on September 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record